ALCALÁ DEL OLMO *v.* ESTATE OF FERNÁNDEZ.

APPEAL from the District Court of San Juan.

No. 113.—Decided May 5, 1904.

APPEAL—FINAL JUDGMENT.—An appeal lies from final decisions only, by which are understood those decisions which finally terminate the action or make its continuance impossible.

ID.—The act of March 12, 1903, converting the Supreme Court of Cassation into one of appeal, left in full force and effect the provisions of articles 1687 and 1688 of the Law of Civil Procedure.

ID.—The appellate jurisdiction conferred upon the District Court of San Juan by General Order No. 118 of 1899 is limited to the decision of the pending appeal, and from that time jurisdiction of the matter pertains to the district court to which is attached the court of first instance where the suit was origginally brought.

EXPOSICIÓN DEL CASO.

En el juicio seguido en el suprimido Juzgado de Primera Instancia de Guayama, entre partes, de la una, Don Evaristo Alcalá del Olmo, ejecutante, hoy su hermana Doña Blanca del mismo apellido, y de la otra, la Sucesión de Don Vicente Fernández Monjardin., ejecutada sobre cobro de un crédito hipotecario, cuyo juicio pende ante Nos á virtud de recurso de apelación interpuesto por dicha Sucesión contra resolución del Tribunal de Distrito de San Juan, que también en grado de apelación conocía del mismo juicio habiendo representado á la parte recurrente, ante esta Corte Suprema, el Letrado Don Manuel F. Rossy, y á la parte recurrida, el Letrado Don Juan Vías Ochoteco.

*Resultando* : que en juicio ejecutivo promovido en el suprimido Juzgado de Primera Instancia de Guayama por Don Evaristo Alcalá del Olmo contra la Sucesión de Don Vicente Fernández Monjardin, en cobro de un crédito hipotecario, intereses y costas, al oponerse la Sucesión demandada á la ejecución despachada por auto de quince de Julio de mil ochocientos noventa y siete, solicitó se recibieran los autos á. prueba, y pidió por otrosí, que por Sobrinos de Ezquiaga y Don Mariano Benito Heredia se reconocieran sus respectivas firmas obrantes en un documento privado, acompañado al escrito de oposición y consistente en liquidación de meses de intereses, librando para ello los exhortos correspondientes á esta Capital y á la de España.

*Resultando* : que al contestar la oposición la parte ejecutante, presentó copia simple de la escritura de hipoteca voluntaria otorgada por Don Jesús Ma. Texidor y Vázquez á favor de Don Evaristo Alcalá del Olmo, en cinco de Junio de 1887, ante el Notario de Guayama, Don José Mariano Capó, de la que trae origin. el crédito hipotecario reclamado, y acompañó además dos cartas, una de ellas firmada por Sobrinos de Ezquiaga, y la otra por Don Mariano Benito, concernientes

## STATEMENT OF THE CASE.

This is an executory action instituted in the abolished court of first instance of Guayama, by Evarista Alcalá del Olmo, execution creditor, now prosecuted by his sister Blanca Alcalá del Olmo, against the estate of Vicente Fernández Monjardín, execution debtor, for the recovery of a mortgage debt, which case is now pending before us on appeal taken by said estate from the decision of the District Court of San Juan, which had also taken cognizance of said case as an appellate court, the appellant having been represented in this Supreme Court by Attorney Manuel F. Rossy, and the respondent by Attorney Juan Vías Ochoteco.

In an executory action instituted in the abolished court of first instance of Guayama, by Evaristo Alcalá del Olmo against the estate of Vicente Fernández Monjardín, for the recovery of a mortgage debt, interest and costs, the defendant estate, in opposing the writ of execution issued by an order of July 15, 1897, prayed that the evidence in the action be taken, and by a supplementary prayer asked that Sobrinos de Ezquiaga and Mariano Benito Heredia be called upon to acknowledge their respective signatures to a private document accompanying the pleading in opposition to the complaint and consisting of a liquidation of interest for a number of months, and to this effect that letters rogatory be issued to this city and to the capital of Spain.

The execution creditor, upon answering the pleading opposing the complaint, filed a copy of the voluntary mortgage deed executed by Jesús María Texidor y Vázquez in favor of Evaristo Alcalá del Olmo, June 5, 1887, before the notary of Guayama, José Mariano Capó, whence originated the mortgage debt sought to be recovered, and also accompanied by two letters, one signed by Sobrinos de Ezquiaga and the other by Mariano Benito, both referring to aforesaid debt, in

ambas al referido crédito, para que fueran reconocidas por sus firmantes, expresando además que conforme como estaba con la certeza de las firmas de Don Mariano Benito y Sobrinos de Ezquiaga, obrantes en la liquidación producida con el escrito de oposición, suplicaba fuere denegado el libramiento de exhortos para el reconocimiento de esas firmas que había solicitado la parte ejecutada.

*Resultando* : que el Juzgado de Guayama, por auto de 10 de Agosto de 1897, recibió el juicio á prueba, ordenando entre otros particulares que desde luego se librara exhorto al Juez Decano de los de Madrid, para el reconocimiento de la firma de Don Mariano Benito que aparecía en una de las cartas presentadas por el ejecutante, y denegó la expedición de exhortos para el reconocimiento de las firmas de Don Mariano Benito y Sobrinos de Ezquiaga, que figuraban en el documento de liquidación de intereses producido por la parte ejecutada.

*Resultando* : que la representación de la Sucesión de Don Vicente Fernández Monjardin pidió reposición del auto expresado de 10 de Agosto, interesando el libramiento pedido, de exhortos para el reconocimiento por Don Mariano Benito y Sobrinos de Ezquiaga, de sus respectivas firmas, obrantes en el documento de liquidación de intereses de que se ha hecho mérito, y por otrosí suplicó se desglosaran la copia de la escritura hipotecaria, , otorgada en 5 de Junio de 1887, por Don Jesús Ma. Texidor, á favor de Don Evaristo Alcalá del Olmo, y las dos cartas firmadas por Don Mariano Benito y Sobrinos de Ezquiaga, documentos todos presentados por la parte demandante al contestar la oposición formulada, pues tales documentos, como fundamentos de la acción ejercitada, debieron acompañarse con la demanda y por tanto ya no eran admisibles.

*Resultando* : que tramitado el recurso de reposición, el Juzgado de Primera Instancia de Guayama, por auto de veinte y tres de Agosto citado, declaró no haber lugar al mismo, ni al desglose de los documentos que se pedían.

order that said signatures might be acknowledged by the signers, and stating, further, that being satisfied as to the identity of the signatures of Mariano Benito and Sobrinos Ezquiaga, affixed to the liquidation filed with the pleading opposing the complaint, he prayed that the letters rogatory for the identification of said signatures, applied for by the execution debtor, be denied.

The Guayama court by an order of August 10, 1897, directed that evidence in the action be taken, and ordered, among other things, that letters rogatory be issued to the dean judge of Madrid for the identification of the signature of Mariano Benito, affixed to one of the letters filed by the execution creditor, and denied the prayer that letters rogatory be issued for the identification of the signatures of Mariano Benito and Sobrinos de Ezquiaga, appearing on the document of liquidation of interest, produced by the execution debtor.

The representative of the estate of Vicente Fernández Monjardín moved for a rehearing of aforesaid order of August 10, and prayed that the letters rogatory for the acknowledgment by Mariano Benito and Sobrinos de Ezquiaga of their respective signatures, attached to the document of liquidation of interest referred to, be issued as requested, and by supplementary prayer asked that the copy of the mortgage deed, executed June 5, 1887, by Jesús María Texidor, in favor of Evaristo Alcalá del Olmo, and the two letters signed by Mariano Benito and Sobrinos de Ezquiaga—documents filed by the plaintiff upon answering the pleading opposing the complaint, be detached from the record, inasmuch as said documents, being offered as grounds for the action prosecuted, should have accompanied the complaint, and therefore were not now admissible.

After considering the motion for a rehearing, the court of first instance of Guayama, by an order made on August 23, 1897, overruled said motion and denied the request for a separation of aforesaid documents from the record.

*Resultando* : que la Sucesión de Don Vicente Fernández presentó escrito manifestando que con respecto á la denegación del libramiento de exhortos para el reconocimiento de firmas por Don Mariano Benito y Sobrinos de Ezquiaga, obrantes en el documento de liquidación de intereses, se reservaba reproducir la misma pretensión en segunda instancia, caso de que llegara·á ser necesario, y en cuanto al desglose de la escritura y cartas ya mencionadas, suplicaba la reposición del auto de 23 de Agosto, apelando para ante la Audiencia deꞏ Territorio, si tal reposición le era denegada; y el Juzgado de Guayama, en auto de 28 del propio Agosto, por el fundamento de que la ley no admite reposición de otra reposición, desestimó ese recurso y admitió en un solo efecto la apelación interpuesta, y posteriormente, por auto de 29 de Setiembre siguiente, y á instancia de la parte ejecutada, oyó dicho recurso en embos efectos, mediante fianza al efecto prestada.

*Resultando* : que elevados los autos á la suprimida Audiencia Territorial, previa citación y emplazamiento de las partes, y pendiente aun de resolución el recurso, por motivos que no son de consignarse, al publicarse la Orden General número 118 de 1899, pasó el conocimiento del mismo al Tribunal de Distrito de San Juan, el que, por providencia de seis de Mayo del año próximo pasado, admitió como parte en los autos á Doña Blanca Alcalá del Olmo, á virtud de cesión que por escritura pública le hizo su hermano Don Evaristo del credito reclamado, celebrándose la vista del recurso en primero de Agosto, con asistencia de los Letrados de ambas partes, que alegaron cuanto estimaron conducente á la defensa de sus respectivas pretensiones.

*Resultando* : que el Tribunal de Distrito de San Juan, por auto de ocho de Agosto citado, confirmando en lo conforme y revocando, en lo demás, el auto y providencia apelados, ordenó se desglosara del pleito la escritura otorgada ante el Notario

The estate of Vicente Fernández filed a writing setting forth that with respect to the denial of the request to issue the letters rogatory for the purpose of securing an acknowledgment by Mariano Benito and Sobrinos de Ezquiaga of their signatures affixed to the document of liquidation of interest, they reserved their right to renew said request at the hearing in the appellate court, should it be necessary, and as to the separation of aforesaid deed and letters from the record, they prayed for a reconsideration of the ruling of August 23, and stated that if said reconsideration were denied they would take an appeal to the "Audiencia Territorial." The Guayama court, by an order of the 28th of August aforesaid, denied the relief applied for, on the ground that the law does not allow a reconsideration of a rehearing, and allowed the appeal for review only; but subsequently, by an order of the 29th of September following, on motion of the execution debtor, allowed said appeal for review and stay of proceedings, the appellant furnishing a bond for the purpose.

The record having been forwarded to the abolished "Audiencia Territorial," after citation of the parties, and while the appeal was still pending decision, for reasons which need not be stated, upon the publication of General Order No. 118, series of 1899, cognizance thereof was transferred to the District Court of San Juan, which, by an order of May 6 of last year, admitted Blanca Alcalá del Olmo as a party to the action by virtue of an assignment of the credit claimed, made in her favor, by public deed executed by her brother Evaristo. The hearing of the appeal was had on August 1, counsel for both parties being present, who presented such arguments as were deemed most pertinent in support of their respective claims.

The District Court of San Juan, by an order of the 8th of August aforesaid, affirming such portions of the ruling and order appealed from as were accepted, and reversing the others, directed that the deed executed before the notary of

de Guayama Don José Mariano Capó, en cinco de Junio de mil ochocientos ochenta y siete, por Don Jesús Ma. Texidor, á favor de Don Evaristo Alcalá del Olmo, sobre préstamo é hipoteca voluntaria presentada por la parte ejecutante, con el escrito de oposición, á la contestación formulada por la parte ejecutada, sin especial condenación de costas, mandando se remitieran los autos principales al Tribunal de Distrito de Humacao, sucesor legal del Juzgado de Primera Instancia de Guayama, de acuerdo con la Sección 14 de la Orden General número 118, serie de 1899.

*Resultando*: que contra ese auto del Tribunal de Distrito de San Juan interpuso la representación de la Sucesión de Don Vicente Fernández Monjardin recurso de apelación en la parte relativa á la remisión del pleito al Tribunal de Humacao; y admitido dicho recurso fueron elevados los autos á esta Corte Suprema previa citación y emplazamiento de las partes, las que, personadas, evacuaron oportunamente el trámite de instrucción, habiéndose adherido al recuso la representación de Doña Blanca Alcalá del Olmo, en cuanto, por el auto apelado, se ordena el desglose de la escritura de constitución de hipoteca que dió origen al crédito cuyo cobro se persigue.

*Resultando*: que la vista del recurso tuvo lugar en 23 del pasado Abril con asistencia del Letrado de la parte apelada.

Abogado del apelante: *Sr. Rossy (Manuel F.)*

Abogado del apelado: *Sr. Vías Ochoteco.*

EL JUEZ ASOCIADO, SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que el auto del Tribunal de Distrito de San Juan, en cuanto ordena se desglose del juicio la escritura otorgada ante el Notario de Guayama Don José Mariano Capó, en cinco de Junio de 1887, por Don Jesús Ma. Texidor á favor de Don Evaristo Alcalá del Olmo, sobre hipoteca voluntaria, no es definitivo pues no pone término al pleito ni hace imposible su continuación, y por tanto no cabe contra el mismo recurso de apelación, aún bajo la ley de la Asamblea Legis-

Guayama, José Mariano Capó, June 5, 1887, by Jesús María Texidor, in favor of Evaristo Alcalá del Olmo, regarding a loan and voluntary mortgage, filed by the execution creditor, with his reply in opposition to the execution debtor's answer to the complaint, be separated from the record of the case, without special imposition of costs, and ordered that the principal papers of the record be turned over to the District Court of Humacao as legal successor of the court of first instance of Guayama, according to section 14 of General Order No. 118, series of 1899.

From the ruling of the District Court of San Juan the representative of the estate of Vicente Fernández Monjardín took an appeal as to the portion thereof relating to the transfer of the case to the District Court of Humacao. Said appeal being allowed, the record was transmitted to this Supreme Court, after citation of the parties, who, having appeared, were given an opportunity to examine the papers, counsel for Blanca Alcalá del Olmo joining in the appeal as to the portion of the ruling appealed from, wherein the deed constituting the mortgage giving rise to the debt sought to be recovered is ordered to be detached from the record.

The hearing of this appeal was had on the 23d of April last, counsel for respondent being present.

*Mr. Rossy (Manuel F.)*, for appellant.

*Mr. Vías Ochoteco,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The order of the District Court of San Juan, in so far as it directs that the deed executed before the notary of Guayama, José Mariano Capó, June 5, 1887, by Jesús María Texidor, in favor of Evaristo Alcalá del Olmo, with reference to a voluntary mortgage, be detached from the record of the case, is not final, since it does not terminate the action, nor render its continuation impossible, and therefore an appeal from said order does not lie, even under the act of the Legislative As-

lativa de 12 de Marzo del Año próximo pasado, que al trans-
formar el Tribunal Supremo de Casación en Corte de Apela-
ción, lejos de derogar, dejó subsistentes los artículos 1687 y
1688 de la Ley de Enjuiciamiento Civil, según se desprende
de la Sección 4a. de aquella ley.

*Considerando*: que la jurisdicción del Tribunal de Dis-
trito de San Juan terminó al resolver el recurso de apelación,
de que estaba conociendo, á virtud de lo dispuesto en el artí-
culo 12 de la orden General número 118, serie de 1899, y que
desde ese momento con arreglo al artículo 14 de la misma
Orden General, el Tribunal de Distrito de Humacao es el que
debe conocer del juicio, por corresponder á ese Tribunal el
pueblo de Guayama, Cabecera antes del suprimido Juzgado del
mismo nombre, en que originariamente radicaba dicho juicio,
estando, por tanto, ajustado á derecho el auto recurrido en
cuanto ordena la remisión del pleito al expresado Tribunal
de Humacao.

*Vistos* los textos legales citados y la regla 63 de la Orden
General número 118, serie de 1899.

*Fallamos*: que debemos confirmar y confirmamos el auto
que dictó el Tribunal de Distrito de San Juan, en siete de
Agosto último, en cuanto ordena se remita el juicio al Tri-
bunal de Distrito de Humacao, y declaramos no haber lugar
á resolver el recurso de apelación que por adhesión ha inter-
puesto la representación de Doña Blanca Alcalá del Olmo,
contra el mismo auto, en la parte relativa al desglose de la
escritura otorgada en cinco de Junio de mil ochocientos
ochenta y siete, por Don Jesús Ma. Texidor, á favor de Don
Evaristo Alcalá del Olmo, sobre préstamo hipotecario, en-
tendiéndose las costas del recurso sin especial condenación;
y devuélvanse los autos al Tribunal de Distrito de San Juan,
con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asocia-
dos Figueras, Sulzbacher y MacLeary.

sembly, approved March 12, 1903, which, transforming the Supreme Court of cassation into a court of appeals, instead of repealing, left in full force and effect, articles 1687 and 1688 of the Law of Civil Procedure, as is to be inferred from section 4 of said act.

The jurisdiction of the District Court of San Juan came to an end with the decision of the appeal whereof it had cognizance, pursuant to the provision of section 12 of General Order No. 118, series of 1899, and from that moment, according to section 14 of aforesaid general order, the District Court of Humacao is the one having jurisdiction over the case, for the town of Guayama, formerly the seat of the abolished court of that name, where the case was originally brought, belongs to the judicial district of Humacao. The ruling appealed from, therefore, in so far as the case is therein ordered to be turned over to aforesaid Humacao court, is in conformity with the law.

In view of the legal texts cited and rule 63 of General Order No. 118, series of 1899, we adjudge that we should affirm and do affirm the ruling made by the District Court of San Juan, August 7, last, in so far as the case is therein ordered to be turned over to the District Court of Humacao, and declare that the appeal taken in intervention by counsel for Blanca Alcalá del Olmo from the same ruling, as to the portion relating to the detachment from the record of the deed executed June 5, 1887, by Jesús María Texidor, in favor of Evaristo Alcalá del Olmo, with reference to a mortgage loan, cannot be entertained by this court; it being understood that there shall be no special imposition of costs. The record is ordered to be returned to the District Court of San Juan with the proper certificate.

Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.